IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| UTE VAZQUEZ<br>20983 Homecrest Court<br>Ashburn, VA 20147 | : |
| Plaintiff, | : |
| v. | : Civil Action No: |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA | : |
| <u>SERVE</u>:<br>District of Columbia Insurance Commissioner<br>810 First St., NE, Ste. 701<br>Washington, DC 20002 | : |
| and | : |
| THE AMERICAN AIRLINES CORPORATION EMPLOYEE LONG TERM DISABILITY PLAN | : |
| <u>SERVE</u>: Registered Agent<br>CT Corporation System<br>1015 15th St., N.W.<br>Washington, DC 20005 | : |
| Defendants. | : |

**COMPLAINT**

1. Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. §1132.

2. This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331 (Federal Question).

3. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants were responsible for providing benefits through employment of the participants of the Plan with

subject benefits provided by the Defendants who are doing business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4. This is an action pursuant to 29 U.S.C. §§ 502(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

**Parties**

5. Plaintiff is an adult resident of Ashburn, Virginia.

6. Plaintiff was a plan participant under an employee welfare benefits plan established by her employer, American Airlines, Corporation (doing business in the District of Columbia at the time the plan was issued)(Hereinafter, "American Airlines") with Plaintiff based at Regan National Airport.

7. Defendant American Airlines, utilized The Guardian Life Insurance Company of America (Hereinafter, "Guardian"), as the claims administrator and insurer for the plan.

**The Disability Contract**

8. The plan promises to pay benefits if an employee is disabled.

9. Disability in the plan is defined as follows and includes the following subdefinitions:

**Disability or Disabled**

These terms mean that a current *sickness or injury* causes physical or mental impairment to such a degree that you are:

(1)During the elimination period and the own occupation period, not able to perform, on a full-time basis, the major duties of your own occupation.

(2) After the end of the own occupation period, you are not able to perform, on a full-time basis, the major duties of any gainful work.

You are not disabled if you earn, or are able to earn, more than this plan's maximum allowed disability earnings.

**Plaintiff's Disability Claim**

10. Plaintiff suffers from pain, discomfort, fatigue and other related impairments caused by cervical and spinal injuries, cubital tunnel syndrome, among other conditions and impairments.

11. Plaintiff was an employee at American Airlines serving as a customer service agent at the time she became disabled on or about April, 2011.

12. Guardian approved short and long term disability benefits until terminating benefits on or about 8/8/16.

13. Plaintiff acquired the undersigned counsel and filed a second appeal on 2/1/17. which included additional medical, functional and vocational evidence. This appeal concluded with the following statements (bolded as in original):

- **The initial request for information remains continuing in nature. All documents added to this file must be sent in a timely manner for review prior to your decision.**
- **Should you choose to have Claimant's submitted evidence reviewed by any medical and/or vocational professional, Claimant hereby reserves the right to respond to such professional's report prior to your making a final claims determination.**

14. Guardian failed to review the claim in a timely manner and demanded a 45 day extension initially, then two, additional 30 day extensions.

15. During the second 30 day extension, Guardian requested aD medical examination which was refused by the Plaintiff as it was an impermissibly late request under ERISA.

16. Given Defendants' conduct resulting from its conflict of interest, the claim is now deemed denied as the administrative appeals process is exhausted and the claim file is closed. All condition precedent have been satisfied and a filing of the instant lawsuit is appropriate.

17. Plaintiff is entitled to these benefits under the plan since she has:

A. Satisfied all conditions to be eligible under the plan; and

B. Has not waived or otherwise relinquished his entitlement to these benefits.

18. Prior to appealing all claim denials, Plaintiff's counsel sent multiple requests for claims file documentation which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(h) *et seq.*

19. Defendants failed to produce the entirety of documentation requested on all occasions, withholding claims guidelines and file information.

**Requested Relief**

20. Plaintiff requests that this court review the denial of benefits in this case and declare that he is entitled to all benefits under the policy including payment of all back benefits with interest.

21. Plaintiff seeks payment of all attorney's fees and costs associated with attempting

to secure these benefits pursuant to Section 502(g)(1) of ERISA.

22. Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 U.S.C. §1132(c),29 C.F.R. § 2560.502 - 1(h) *et seq.* as a result of the failure of Defendants to produce the documents requested.

23. Any such other relief the Court may deem just and proper.

Respectfully submitted,

__________/s/__________________

Scott B. Elkind, Bar 438811
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff